IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Brittany Gant, | * | |
| Plaintiff, | * | |
| v. | * | Case No. 8:25-cv-01662-TJS |
| First Federal Credit Control, Inc., | * | |
| Defendant. | * | |

* * * * * *

**MEMORANDUM OPINION**

Pending before the Court is Defendant First Federal Credit Control, Inc.'s Motion for Summary Judgment ("Motion") (ECF No. 28).[1] Having considered the Motion, to which Plaintiff did respond as directed, I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the following reasons, Defendant's Motion will be granted.

## I. Introduction

Self-represented Plaintiff Brittany Gant filed her Complaint against Defendant on May 22, 2025. ECF No. 1. In her Complaint, Plaintiff alleges that she is the "regular user and carrier" of a cell phone number ending 5100. *Id.* at 2. She alleges that Defendant, a debt collector, called her on this number on multiple dates (January 24, 2024; February 8, 2024; February 21, 2024; March 6, 2024; March 21, 2024; and April 5, 2024). *Id.* at 2-3. Defendant left a voice message with each call but failed to make the disclosures required by federal consumer protection laws. *Id.* at 4. Plaintiff also alleges that Defendant took steps to conceal the caller's identity and used an

[1] In accordance with 28 U.S.C. § 636(c), all parties have voluntarily consented to have the undersigned conduct all further proceedings in this case, including trial, entry of final judgment, and all post-judgment proceedings, with direct review by the Fourth Circuit Court of Appeals, if an appeal is filed. ECF No. 25.

automatic telephone dialing system without her prior consent. *Id.* She alleges that she sent Defendant a letter requesting "proper notice as required by 15 U.S. Code § 1692g to allow [her] to investigate," and when she received Defendant's response she determined that she never had a relationship with any of the alleged creditors. *Id.* at 5. Nor has she ever had a business relationship with Defendant. *Id.*

In Count One, Plaintiff seeks to recover for Defendant's violation of the Maryland Telephone Consumer Protection Act, Md. Code, Comm. Law § 14-3201. ECF No. 1 ¶¶ 35-41. In Count Two, she seeks to recover for Defendant's violation of Md. Code, Comm. Law § 14-1326. *Id.* ¶¶ 42-47. And in Count Three, she seeks injunctive relief against Defendant under Md. Code, Comm. Law § 13-406. *Id.* ¶¶ 48-49.

After Defendant filed its Answer (ECF No. 21), the Court entered a scheduling order to allow the parties to conduct discovery. ECF No. 26. After discovery closed, Defendant filed a status report stating that neither party had served written discovery nor noted any depositions. ECF No. 27. Defendant noted that it had attempted to contact Plaintiff in advance of filing its status report but had been unable to reach her. *Id*. at 2. Plaintiff did not file her own status report despite the Court's order directing the parties to file a joint status report at the conclusion of discovery. *See* ECF No. 26.

On August 24, 2026, Defendant filed its Motion. ECF No. 28. On September 4, 2026, the Court entered an order in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). ECF No. 29. The order advised Plaintiff of her right to respond to the motion, set a deadline of September 18, 2026, for Plaintiff to file her response, and warned that judgment could be entered against her if the Motion is granted. *Id.* Plaintiff has not responded to the Motion and the deadline to do so has passed.

## II. Discussion

Defendant moves for summary judgment on all of Plaintiff's claims. ECF No. 28. The Court will address Defendant's arguments below.

### A. Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). If sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented, and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). However, the "mere existence of a scintilla of evidence in support of the [opposing party's] position" is insufficient to defeat a motion for summary judgment. *Id.* at 252.

The facts themselves and the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the opposing party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008). A party may not rest upon the mere allegations or denials of its pleading but instead must cite "particular parts of materials in the record" or "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

**B. Defendant is Entitled to Summary Judgment**

**1. Plaintiff's Claims Are Barred by *Res Judicata***

Defendant argues that it is entitled to summary judgment on Plaintiff's claims because claims arising from the same alleged conduct were previously dismissed with prejudice in Maryland state court. ECF No. 28 at 2-3.

On or about August 27, 2024, Plaintiff filed a complaint in the District Court of Maryland for Prince George's County against Defendant, making the following factual allegations:

> Defendant called Plaintiff on 1/24/2024, 2/8/2024, 2/21/2024, 3/6/2024, 3/21/2024, and 4/5/2024 using an auto dialer. Defendant also spoofed the caller id to conceal who they were on 1/24/2024, 2/8/2024, 2/21/2024, 3/21/2024. Plaintiff does not have a business relationship with Defendant. Defendant has never received permission from Plaintiff to contact Plaintiff with an auto dialer.

ECF No. 28-2 at 1. Plaintiff attached to her complaint cell phone screenshots as evidence of the calls and voicemails. *Id.* at 3-5. On November 12, 2024, Plaintiff filed a notice of dismissal pursuant to Md. Rule 3-506. ECF No. 28-3. She checked the box that stated, "No judgment having been entered, I dismiss this action with prejudice." *Id.*

"When, as here, federal court litigants assert that a state court judgment has preclusive effect, '[the] federal court must give to [the] state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.'" *Betskoff v. Diane S. Rosenberg & Assocs., LLC*, No. PWG-18-2133, 2019 WL 3869284, at *3 (D. Md. Aug. 16, 2019), *aff'd*, 796 F. App'x 814 (4th Cir. 2020) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)). "Res judicata precludes the parties or their privies from relitigating issues that were or could have been raised in a previously concluded suit." *Baird-Alleyne v. BWW Law Group, LLC*, No. PX-25-2851, 2026 WL 1279073, at *1 (D. Md. May 11, 2026) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *Brown v. Felsen*,

442 U.S. 127, 131 (1979); *Pueschel v. United States*, 369 F.3d 345, 354–55 (4th Cir. 2004)). The doctrine disallows relitigating a claim where (1) the parties or their privies in both suits are identical; (2) the claim in the new suit is identical to the claim in the original suit or could have been brought in the original suit; and (3) the claim in the original suit reached a final judgment on the merits. *Baird-Alleyne*, 2026 WL 1279073, at *1 (citing *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008); *Nash Cnty. Bd. of Ed. v. Biltmore Co.*, 640 F.2d 484, 486 (4th Cir. 1981)).

*Res judicata* applies here as a bar to Plaintiff's claims. First, the parties are the same in this case as in the state court lawsuit. Second, the claims in this case arise from the same transaction or series of connected transactions as the claims that Plaintiff brought against Defendant in state court. *See Boyd v. Bowen*, 145 Md. App. 635, 656, 806 A.2d 314, 326 (2002) ("Because a 'claim' encompasses all rights the plaintiff has to remedies against the defendant respecting all or any part of the transaction or series of connected transactions out of which the claim arises, the doctrine of *res judicata* bars subsequent litigation not only of what was decided in the original litigation of the claim but also of what *could have been decided* in that original litigation.") (emphasis in original) (citing *Gertz v. Anne Arundel County*, 339 Md. 261, 269, 661 A.2d 1157 (1995)). Third, there is a final judgment on the merits in the state court lawsuit. A dismissal with prejudice is a final adjudication on the merits for purposes of *res judicata*. *Hall v. Greystar Mgmt. Servs., L.P.*, 193 F. Supp. 3d 522, 529 (D. Md. 2016) ("It is well settled that a dismissal with prejudice is an adjudication on the merits for res judicata purposes.") (quoting *Bradley v. Artery Custom Homes, LLC*, No. PJM-08-539, 2009 WL 6560200, at *3 (D. Md. Jan. 29, 2009), *aff'd*, 328 F. App'x. 873 (4th Cir. 2009)).

Accordingly, Plaintiff's claims are barred by *res judicata*, and Defendant is entitled to judgment as a matter of law.

**2. Private Injunctive Relief is Unavailable in Count Three**

In Count Three, Plaintiff seeks injunctive relief pursuant to Md. Code, Comm. Law § 13-406. This statute is part of the Maryland Consumer Protection Act ("MCPA"). It authorizes the Attorney General of Maryland to seek an injunction against a person engaged in conduct that violates the MCPA. But injunctive relief is not available to private plaintiffs under the MCPA. *Jones v. Glendale Apartment Props. LLC*, No. DKC 24-3731, 2025 WL 2659875, at *6 (D. Md. Sept. 17, 2025) (citing *Bradshaw v. Hilco Receivables, LLC*, 765 F. Supp. 2d 719, 733 (D. Md. 2011); *Hauk v. LVNV Funding, LLC*, 749 F. Supp. 2d 358, 369 (D. Md. 2010)).

Because § 13-406 does not authorize a private plaintiff to seek injunctive relief, Defendant's Motion will be granted as to Count Three on this alternative basis.[2]

**III. Conclusion**

For these reasons, Defendant's Motion (ECF No. 28) is **GRANTED**. Summary judgment is entered in favor of Defendant on all of Plaintiff's claims. An accompanying order will follow.

Date: September 28, 2026

/s/
Timothy J. Sullivan
Chief United States Magistrate Judge

[2] The Court declines to address Defendant's other arguments in support of its Motion.